UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT MICHAEL GOLDUP,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO,<br><br>　　　　　　　　　　　Defendant. | Case No.: 24-cv-602-RSH-AHG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 21] |

Pending before the Court is a motion to dismiss by defendant City of San Diego (the "City" or "Defendant"), directed to the First Amended Complaint ("FAC") of plaintiff Garrett Michael Goldup. ECF No. 21. As set forth below, the motion is granted.

I. **BACKGROUND**

　　A. **This Lawsuit**

On March 28, 2024, Plaintiff, proceeding pro se, filed his complaint in this action along with a motion to proceed *in forma pauperis* ("IFP"). ECF No. 1. The Court granted the IFP motion but determined that the complaint failed to state a claim, and dismissed the complaint with leave to amend. ECF No. 3.

//

On May 1, 2024, Plaintiff filed the FAC, his operative complaint. ECF No. 4. The FAC's single claim is brought under Title II of the Americans with Disabilities Act of 1990 ("ADA"). *Id.* The FAC alleges that Plaintiff is a person with a qualified disability, who on three occasions in 2021 and 2022 attempted to enter a branch of the San Diego Public Library accompanied by a trained medical service dog, but was unlawfully denied access. *Id.* at 2. The incidents occurred at the University Heights and Hillcrest branches. *Id.* As a result of those incidents, he has been suspended from entering any San Diego Public Library location. *Id.* Plaintiff seeks compensatory and punitive damages. *Id.* at 3.

On August 1, 2024, Defendant filed its motion to dismiss pursuant to Rule 12(b)(6). ECF No. 21. Defendant contends that the FAC fails to plead sufficient facts under a cognizable theory, and that the FAC is barred by the doctrine of res judicata. Plaintiff has filed an opposition. ECF No. 22.[1]

### B.     The State Case

This is Plaintiff's second lawsuit against the City alleging an ADA violation based on refusing to admit Plaintiff, accompanied by his service dog, to public library branches. The first lawsuit was *Goldup v. City of San Diego*, Case No. 23SC05163C, filed in San Diego Superior Court's Small Claims unit on November 21, 2023 (the "State Case"). ECF

---

[1]     Plaintiff also filed a statement alleging that Defendant misled Plaintiff into agreeing to extend the time for Defendant to respond to the FAC. ECF No. 22. In seeking the extension, Defendant represented to the Court that "the parties are attempting to reach an early resolution of this matter," and "are also engaging in meet and confer discussions regarding the merits of Plaintiff's claims." *Id.* at 1. According to Plaintiff, after Defendant was granted this extension, Defendant ceased communicating with Plaintiff and failed to respond to Plaintiff's emails and voice messages. *Id.* at 2. Plaintiff asks the Court to "consider this … in any proceedings related to the motion to dismiss." *Id.* Defendant has not responded to these allegations. The Court considers Plaintiff's allegations, although they ultimately do not bear on the disposition of this motion.

No. 21-3.[2] In the State Case, Plaintiff brought a claim against the City of San Diego for violating Titles II and III of the ADA. Plaintiff's complaint in the State Case sought damages in the amount of $10,000, the maximum allowable in Small Claims Court at the time.

Although Plaintiff's complaint in the State Case lacked specificity, in advance of trial he filed a statement outlining his position for trial. ECF No. 21-4. That statement explained that on November 1, 2021, he arrived at the University Heights branch of the San Diego Public Library accompanied by his service dog. *Id.* at 2. The guard questioned Plaintiff about his service dog, leading to an exchange, during which Plaintiff was prevented from entering the library. *Id.* at 2-3. Plaintiff alleged that the guard asked Plaintiff questions about the service dog that Plaintiff was uncomfortable answering and that he was not obligated to answer. *Id.* at 2-3, 5. The parties disputed the nature of Plaintiff's conduct during the exchange with the guard. *Id.* at 4. Plaintiff's statement also referred to a second attempt to enter the library on November 9, 2021, followed by a third attempt at the Hillcrest branch. *Id.* Plaintiff further alleged that he had been suspended from entering the library. *Id.* at 4-5.

The Register of Actions in the State Case reflects that the case proceeded to trial on February 15, 2024. ECF No. 21-6 at 1. On February 20, 2024, the court entered judgment for the City. *Id.* The Notice of Entry of Judgment, dated February 28, 2024, determined that "Defendant does not owe plaintiff any money on plaintiff's claims." ECF No. 21-5 at 1.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6)

---

[2] The Court takes judicial notice of the court filings in the State Case, attached as exhibits to Defendant's motion to dismiss.

is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Pro se complaints are "held to a less stringent standard than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, a pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

//
//
//

## III. ANALYSIS

Defendant argues that this action is barred by the doctrine of res judicata, based on the State Case.[3]

"The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute." *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). That statute provides that a state's judicial proceedings "have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. To decide whether preclusion applies in a federal case, a federal court looks to the preclusion law of the state in which the state court judgment was rendered. *Marrese*, 470 U.S. at 380. Because the State Case took place in California Superior Court, this Court looks to California law to determine whether claim preclusion applies here.

Under California law, the doctrine of claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). There are three elements: (1) the claim raised in the present action must be "identical to a claim or issue litigated in a prior proceeding"; (2) the prior proceeding must have resulted in a "final judgment on the merits"; and (3) the parties in the two proceedings must be the same or in privity. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). "Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Mycogen Corp.*, 28 Cal. 4th at 897 (internal quotation marks and citation omitted).

//

---

[3] The Court does not reach Defendant's alternative argument challenging the sufficiency of the facts pleaded.

### 1. *Identical Claims*

To determine whether the first element is met, California uses the "primary right theory." *Mycogen Corp.*, 28 Cal. 4th at 904. Under this theory, "a 'cause of action' . . . comprise[s] . . . a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Id.* (quoting *Crowley v. Katleman*, 8 Cal. 4th 666, 681–82 (1994)). There is only one cause of action for the violation of a given primary right, "regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken*, 48 Cal. 4th at 798. In *Boeken*, for example, the California Supreme Court determined that the primary right was the right to not be wrongfully deprived of spousal companionship, the primary duty was to not wrongfully deprive the plaintiff of her spouse's companionship, and the wrongful act was the defendant's wrongful inducement of plaintiff's husband to smoke cigarettes. *Id.* The plaintiff there, having brought a first case based on a theory of loss of consortium, could not bring a second case under a different legal theory (wrongful death) for the violation of the same primary right. *Id.*

Here, this lawsuit and the State Case both involve an identical cause of action, primary right, and primary duty. Both lawsuits were brought under Title II of the ADA, although the State Case also invoked Title III. Both lawsuits allege the infringement of Plaintiff's right to enter branches of the San Diego Public Library with his service dog, as well as his right not to be excluded due to those incidents. Both lawsuits seek the same remedy of money damages. Both lawsuits involve three incidents, at the same two library branches, during the same period of time.

Plaintiff does not appear to dispute that the instant lawsuit, although brought in federal court, is identical in its claim to his State Case. Indeed, after receiving notice of the adverse judgment in the State Case—with the Notice of Entry of Judgment dated February 28, 2024—Plaintiff promptly filed this federal lawsuit less than a month later, on March 28, 2024. The Court concludes that Plaintiff's claim in this lawsuit is identical to that in

his State Case. This element of res judicata is satisfied.

### 2. *Final Judgment on the Merits*

In order for claim preclusion to apply, the prior decision must have been on the merits. *Boeken*, 48 Cal. 4th at 797. The California Court of Appeal has stated that "[i]t is well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments." *Pitzen v. Super. Ct.*, 120 Cal. App. 4th 1374, 1381 (Ct. App. 2004). "The judgment of the small claims court bars a subsequent proceeding on the same cause of action." *Allstate Inc. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th 901, 914 (Ct. App. 2000). Indeed, "a judgment of any court whether of high or low jurisdiction, and of record or not, constitutes a complete bar against a second suit on the same cause of action." *Sanderson v. Niemann*, 17 Cal.2d 563, 573 (1941).

Here, after presiding over a trial, the state court entered a judgment that "Defendant does not owe plaintiff any money on plaintiff's claims." ECF No. 21-5 at 1. Although Plaintiff argues that the state court's judgment addressed unspecified procedural issues rather than the merits, ECF No. 23 at 3-4, the post-trial judgment by its terms adjudicated Plaintiff's claim in the State Case, identical to the claim he asserts here. *See also Joyce v. Bassir*, No. G057169, 2020 WL 1982235, at *4 (Apr. 27, 2020) (unpublished) (rejecting the plaintiff's argument that claim preclusion was inapplicable because small claims court did not address merits of claim as "belied by the record, which shows [the plaintiff] alleged malpractice and breach of contract claims against defendants, a trial was held on these claims, and judgment was entered following trial. While [the plaintiff] generally complains of the summary nature of small claims court, she accepted these procedural limitations when she filed her action there"); *Buycks v. Schneider*, No. B223857, 2011 WL 2936805, at *4 (Ct. App. July 19, 2011) (unpublished) ("[T]he small claims action resulted in a final judgment on the merits. The small claims court rendered judgments in favor of defendants after conducting a trial."). The Notice of Entry of Judgment did not indicate that the state court dismissed the lawsuit without prejudice, or even that it dismissed the lawsuit with

prejudice, either of which would have entailed checking different boxes on the notice form. *Id.* This element is satisfied as well.

### 3. *Same Parties or Parties in Privity*

Finally, claim preclusion applies only where the parties in each case are identical or in privity with each other. *Mycogen Corp.*, 28 Cal.4th at 896. Here, both this lawsuit and the State Case involve identical parties. This element is satisfied.

Because all three elements of res judicata are satisfied, the Court grants Defendant's motion to dismiss and dismisses the action without leave to amend. *See Glaude v. Deutsche Bank*, No. 23-cv-5429-RS, 2024 WL 664806, at *4 (N.D. Cal. Feb. 16, 2024) (claims "must be dismissed without leave to amend, as res judicata would render any amendment futile"); *Prezio v. Bank of Am. Corp.*, No. 14-cv-2778-CBM, 2015 WL 12745800, at *5 (C.D. Cal. Mar. 12, 2015) ("Because the Court resolves the instant action on res judicata grounds, Plaintiff's … claim is dismissed without leave to amend.").

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 21) and **DISMISSES** the action without leave to amend.

**IT IS SO ORDERED.**

Dated: September 12, 2024

_____
Hon. Robert S. Huie
United States District Judge